UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 13-79-DLB-JGW

SANJEEV KRISHNA THAKUR, ET AL.                                             PLAINTIFFS

VS.                               MEMORANDUM ORDER

LEON ZAZWORSKY, ET AL.                                                     DEFENDANTS

* * * * * * * * * * * * * *

This case was removed from Boone County Circuit Court on May 6, 2013 (Doc. # 1), and Plaintiffs moved to remand sixteen days thereafter (Doc. # 13).  That motion has been fully briefed (Docs. # 14, 15), and is thus ripe for review.

I.      BACKGROUND

Factually, this is a fairly straightforward case about an unfortunate automobile accident that occurred on April 19, 2012.  That accident, though, involved multiple persons and ultimately led Plaintiffs to file two lawsuits, all of which is pertinent to Plaintiffs' request for remand.  The Court, then, will outline the various actors and suits that comprise the broader litigation landscape.

A.      Injured Persons

Sonali Sisodia was killed and her minor son, A.S.T., was injured in the above referenced accident. (Doc. # 1-2, at 5-7, 30-32, 52-53).  At the time of the accident, Sisodia and A.S.T., as well as her husband Sanjeev Krishna Thakur, resided in Herndon, Virginia. (*Id.* at 5-7, 30-32).  Thakur and A.S.T. still reside there today.  (*Id.*).

1

**B.     The Lawsuits**

Thakur initiated two lawsuits on behalf of himself, Sonali and A.S.T. in Boone County Circuit Court. In the first suit, which was commenced on August 14, 2012 and thereafter amended November 13, 2012 and April 9, 2013, he named the following persons and entities as defendants:

- Hermendra Patel
- Rachel M. Greba
- Mid State Systems, Inc.
- James Konkler
- Goodyear Tire & Rubber Company
- Progressive Advanced Insurance Company
- Wingfoot Commercial Tire Systems, LLC
- Kentucky Farm Bureau Mutual Insurance Company

(*Id.* at 33-34, 36, 41, 48, 53). He did not, however, specify the amount of damages sought beyond noting that the figure exceeded the minimum necessary to invoke the state court's jurisdiction. (*Id.* at 46, 62).

During this time frame, Mid State Systems propounded interrogatories, which included a directive that Thakur "[l]ist in detail each item of special damages for which you seek compensation herein, such as hospital bills, ambulance fees, doctors' bills, pharmacy expenses, transportation expenses and expenses of prosthetic devices or lost wages." (Doc. # 1-3, at 6). Thakur responded as follows:

```
Sanjeev Thakur:        Loss of consortium claim - 2.7 million
[A.S.T.]:              Loss of consortium claim - 2.7 million
```

2

| | |
|---|---|
| Sonali Sisodia: | Wrongful death damages - will be supplemented with a report from William Baldwin, Ph.D. in economics |
| [A.S.T.]: | |
| Past medical: | $42,009.23 - Children's Hospital; Union Fire Department - $1,099.38, Orthopaedic ORTI - $358.00 - will supplement with additional expenses when received |
| Future Medical: | will supplement - may require a expert opinion |
| Pain and suffering: | past - $100,000.00<br>future - $100,000.00 |
| | |
| Sonali Sisodia: | |
| Impairment to earn: | Unknown, will supplement with Bill Baldwin report, but life expectancy 51.2 years times 2011 earnings of $66,946.64 = $3,427,667.97 |
| Funeral expenses: | U.S.-India - See attached itemization |
| Transportation Air Fare: | See attached itemization |

(*Id.* at 6-7). Thakur was also instructed to "state, pursuant to [Kentucky] Civil Rule 8.01, the amount claimed on behalf of each plaintiff in this action for each separate element of unliquidated damages, including, but not limited to:

   (a) past medical expenses

   (b) future medical expenses

   (c) past and future pain and suffering

   (d) lost wages

   (e) impairment to your ability to earn money in the future

   (f) any other damages for which you are making a monetary claim

(*Id.* at 7). He responded:

See No. 10 which answer is incorporated by reference.

| | Sonali Sisodia | [A.S.T.] |
|---|---|---|
| a) | | $43,108.61 |

| | | |
|---|---|---|
| b) | $0 | Will supplement |
| c) | $0 | $100,000.00 past; $100,000 future |
| d) | Will supplement with economist William Baldwin report | $0 |
| e) | Will supplement with economist William Baldwin report, but age 30 life expectancy 51.2 years x $66,946.64 2011 (W-2) earnings = $2,427,667.97 | None anticipated - may supplement |
| f) | Loss of consortium Wrongful death Destruction of earnings | Loss of consortium |

(*Id.* at 7-8).

On April 18, 2013, Thakur commenced a second lawsuit, which is the case actually before this Court. (Doc. # 1-2, at 5). He again named Mid State Systems and Konkler, as well as Leon Zazworsky, and also moved to consolidate the two actions that same day. (*Id.* at 7, 12-13, 64). Zazworsky and Konkler were subsequently served via certified mail on April 25, 2013 and May 2, 2013, respectively. (Doc. # 1, at 2). Mid State Systems has not been served, but received notice of this action from Zazworsky based upon the certified mail sent to him in his individual capacity, as he is the registered agent for the company. (*Id.*).

Four days after being served, Zazworsky, along with Mid State Systems and Konkler, removed this second suit pursuant to Section 1441 of Title 28 of the United States Code, asserting that the Court has diversity jurisdiction over the matter pursuant to Section

4

1332. (Doc. # 1). In doing so, Defendants contrasted their Ohio residency with the Virginia residency of Thakur, Sisodia and A.S.T., and noted that Thakur's responses to the interrogatories propounded in the first suit show that he is seeking damages in excess of the $75,000 jurisdictional threshold. The instant motion to remand followed.

**II.  ANALYSIS**

As an initial matter, the Court is satisfied that the amount in controversy exceeds the $75,000 jurisdictional threshold and the parties *in this case* are completely diverse, thereby satisfying the requirements for subject matter jurisdiction. 28 U.S.C. § 1332(a). In his motion to remand, Thakur makes two arguments:

- Removal of this action was not timely
- There are indispensable parties to this case whose joinder would destroy diversity jurisdiction

The Court will address each contention in turn.

**A.  Timeliness of Removal**

Section 1446 of Title 28 generally prescribes the procedure for removal of cases under Section 1441. Under Section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." In this case, the Notice of Removal was filed on May 6, 2013, eleven days after Konkler was served and four days after Zazworsky was served. Defendants have thus complied with the statutorily proscribed removal procedure.[1]

---

[1] Ignoring the clear language of the statute, Plaintiffs point out that Mid State Systems and Konkler were served in the first suit on August 22, 2012, and that Zazworsky was served in his capacity as registered agent for the company and was thus fully aware of all Plaintiffs'

**B.     Joinder and Subject Matter Jurisdiction**

The parties agree that resolution of Thakur's second argument–that Goodyear Tire & Rubber Company, Wingfoot Commercial Tire Systems, LLC, Hermendra Patel, and Rachel M. Greba are indispensable parties whose joinder would destroy diversity jurisdiction–is controlled by the interplay between Rule 19 of the Federal Rules of Civil Procedure and jurisdictional requirements as set forth by Court of Appeals for the Sixth Circuit in *PaineWebber, Inc. v. Cohen*, 276 F.3d 197 (6th Cir. 2001).[2] As the appellate court explained:

> Rule 19 . . .establishes a three-step analysis for determining whether a case should proceed in the absence of a particular party. A court must first determine whether a person is necessary to the action and should be joined if possible. If the party is deemed necessary for the reasons enumerated in Rule 19(a), the court must next consider whether the party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction.
>
> The third step involves an analysis under Rule 19(b) to determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party [being] thus regarded as indispensable. Dismissal should occur only if an indispensable party is not subject to personal jurisdiction or cannot be joined without eliminating the basis for subject matter jurisdiction. If a necessary party is not deemed indispensable pursuant to Rule 19(b), that potential party need not be joined and the action can proceed with the original litigants.

---

claims. This is irrelevant, as the timeliness of removal of this case has nothing to do with the first suit.

[2] The Court strongly questions the applicability of *Cohen*, as that decision involved a plaintiff actually commencing suit in federal court and failing to join purportedly indispensable parties, while here Defendants removed the case based upon the litigation as pursued by Thakur. Unlike *Cohen*, then, this case is not about nonjoinder because the omission of Goodyear, Wingfoot, Patel, and Greba *was at the behest of Thakur*. *See* Black's Law Dictionary (9th ed. 2009) (defining nonjoinder as "failure to bring a person who is a necessary party into a lawsuit"). However, rather than wade into this thicket and delay this litigation, the Court will apply *Cohen* because doing so will not effect the Court's conclusion, i.e., that remand is inappropriate.

6

*Id.* at 200-201 (citations and internal quotations omitted). Based upon this recitation of law and the parties' reliance upon it, the Court will determine whether Goodyear, Wingfoot, Patel, and/or Greba are, in fact, indispensable.

Subsection (b) of Rule 19 lists the factors that a court must consider in determining whether a party is indispensable. First, the court must assess "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." The second factor is "the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief or other measures." The third factor is "whether a judgment rendered in the person's absence would be adequate." Finally, the court must consider "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

With respect to the first factor, Thakur appears to argue that any judgment rendered in this case would be prejudicial because Goodyear, Wingfoot, Patel, and Greba are joint tortfeasors with Zazworsky, Mid State Systems and Konkler. The Sixth Circuit, though, reiterated that this is an insufficient justification in *Cohen*:

> The application of Rule 19 to cases involving joint tortfeasors, moreover, presents a useful analogy involving principles that are relevant to the present case. Specifically, a person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party.
>
> Although Cohen does not explicitly argue that the status of PaineWebber and Wilhelm as joint tortfeasors makes Wilhelm an indispensable party, the multiple proceedings and inconsistent results in state and federal court that he seeks to avoid can occur whenever joint tortfeasors are not parties to the same lawsuit. This form of prejudice, however, does not require a finding that joint tortfeasors are necessary or indispensable parties. For the same reason, the potential prejudice that Cohen fears does not provide a basis for concluding that Wilhelm is an indispensable party.

*Id.* at 204 (citations omitted). As in *Cohen*, the prejudice identified by Thakur as the basis

for determining whether Goodyear, Wingfoot, Patel, and/or Greba are indispensable is minimal, if it exists at all. *Id.* at 205.

Because the first factor does not weigh in favor of remand, the second factor–the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief or other measures–becomes less important due to the small degree of potential prejudice that would occur if this action proceeds without Goodyear, Wingfoot, Patel, and Greba. *Id.* Furthermore, the preceding analysis indicates a judgment rendered without them would be adequate, thus mitigating the third factor. *Id.*

The final factor, contrary to the first three, favors remand, because the state court presents an alternative forum in which Thakur can bring the claims against Zazworsky, Mid State Systems and Konkler, as well as Goodyear, Wingfoot, Patel, and Greba. In fact, Plaintiffs attempted to consolidate the two suits in Boone County Circuit Court prior to removal. However, the availability of the state court does not, in and of itself, outweigh Defendants' right to remove this action. *Cf. Cohen*, 276 F.3d at 205 ("However, 'the potential existence of another forum does not, in and of itself, outweigh a plaintiff's right to the forum of his or her choice.") (quoting *Local 670, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL-CIO v. Int'l Union, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL-CIO*, 822 F.2d 613, 622 (6th Cir. 1987)).

Upon considering the four factors listed in Rule 19(b) together, the Court concludes that Goodyear, Wingfoot, Patel, and Greba are not indispensable parties.[3] Thakur's second argument, then, is without merit.

---

[3] Lest there be any confusion, Progressive Advanced Insurance Company also does not qualify as an indispensable party, as the claim against it is for underinsured motorist coverage.

### III. *Colorado River* Abstention

One issue deserves further comment. Although not initially mentioned by Thakur, for some reason Defendants raised and then attempted to refute the applicability of *Colorado River* abstention, presumably because it was also touched on in *Cohen*. This compelled Plaintiffs to discuss *Colorado River* in their reply brief, albeit without any real understanding of its applicability.

As the Sixth Circuit noted in *Cohen*, "[i]n certain 'exceptional' circumstances . . . a federal district court may abstain from exercising its subject matter jurisdiction due to the existence of a concurrent state court proceeding, based on 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" 276 F.3d at 206 (quoting *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976)). However, even if the first suit commenced by Thakur constitutes a parallel state action and "exceptional" circumstances exist here, remand is not an option. As the Fifth Circuit recently explained:

> The district court . . . erred in remanding the case to state court after determining that *Colorado River* abstention was appropriate. In *Moses H. Cone* [*Memorial Hospital v. Mercury Construction Corporation*], the Supreme Court declined to decide whether a stay or a dismissal is preferable when a district court chooses to abstain under the *Colorado River* doctrine. 460 U.S. [1, 28], 103 S.Ct. 927 [(1983)]. "Most circuits to have considered the issue have held that a stay is always preferable because it may likely produce the same practical result as a dismissal while still leaving the docket open in case loose ends remain at the conclusion of the state proceedings." *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 31 (1st Cir.2010). It is clear, though, that remand is not an option. In addition to being unsupported by any authority in the removal statute or elsewhere, it is simply illogical. Where a court has already determined under the *Colorado River* analysis that an existing state court case "will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," *Moses H. Cone*, 460 U.S. at 28, 103 S.Ct. 927, no purpose is served by sending the federal case back to state court to litigate the same issues.

9

*Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 465-466 (5th Cir. 2012).

Because Thakur has only moved to remand rather than for abstention and a stay, the Court will not consider this issue at this time.

## IV. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. # 13) is **DENIED**.

However, because deference to the first lawsuit may be appropriate, **IT IS FURTHER ORDERED** that parties shall file simultaneous memoranda addressing whether the Court should abstain and stay all proceedings in light of *Colorado River*. This memoranda **should not exceed ten pages in length** and **must be filed within fourteen (14) days of the date of entry of this Order**.

This 5th day of August, 2013.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\Covington\2013\13-79 MOO Denying Remand.wpd