UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CIVIL ACTION NO. 13-79-DLB-JGW**

**SANJEEV KRISHNA THAKUR, ET AL.**                                **PLAINTIFFS**

**VS.**                      **MEMORANDUM OPINION & ORDER**

**LEON ZAZWORSKY, ET AL.**                                        **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter initially came before the Court on Plaintiffs' Motion to Remand. (Doc. # 13). The Court denied that motion, but also ordered the parties to file simultaneous memoranda addressing *Colorado River* abstention. (Doc. # 16). That briefing having now been completed (Docs. # 17, 18), the Court concludes that abstention is appropriate. Accordingly, this case will be **stayed** pending resolution of the state court action.

**I.**      **BACKGROUND**

The Court adopts the facts and procedural history set forth in its previous order. To summarize, Sanjeev Krishna Thakur commenced two lawsuits on behalf of himself, his wife and his minor son in Boone County Circuit Court based upon an automobile accident in which Sonali Sisodia was killed and A.S.T. was injured. In the first suit, he named eight defendants, including Mid State Systems, Inc. and James Konkler.[1] In the second suit, which is the case actually before this Court, Thakur again named Mid State Systems and

---

[1] The other defendants were Hermendra Patel, Rachel M. Greba, Goodyear Tire & Rubber Company, Progressive Advanced Insurance Company, Wingfoot Commercial Tire Systems, LLC and Kentucky Farm Bureau Mutual Insurance Company.

1

Konkler, as well as Leon Zazworsky. He then moved to consolidate the two suits.

Before the Kentucky court could adjudicate Thakur's motion for consolidation, Zazworsky, along with Mid State Systems and Konkler, removed this second suit, and a motion to remand followed. The Court denied that motion, but requested further briefing addressing whether the Court should abstain and stay all proceedings in light of *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800 (1976). The parties completed that briefing on August 19, 2013. (Docs. # 17, 18).

## II.  ANALYSIS

As the Sixth Circuit noted in *PaineWebber, Inc. v. Cohen*, "[i]n certain 'exceptional' circumstances . . . a federal district court may abstain from exercising its subject matter jurisdiction due to the existence of a concurrent state court proceeding, based on 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" 276 F.3d 197, 206 (6th Cir. 2001) (quoting *Colorado River Water*, 424 U.S. at 817). The appellate court continued:

> The Supreme Court has identified eight factors, four in *Colorado River* and four in subsequent decisions, that a district court must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of a state court. These considerations are:
>
>> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* (citation omitted).

To summarize, there are two basic steps that must be completed by the district court in determining whether *Colorado River* abstention is appropriate. First, "the district court must . . . determine that the concurrent state and federal actions are actually parallel." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). If the proceedings are parallel, the court must then apply the multi-factor balancing test set forth initially in *Colorado River* and expanded by later case law.

### A. Parallel State Court Proceeding

As noted, "[a] necessary requirement for application of [the] *Colorado River* doctrine . . . is the presence of a parallel, state proceeding." *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984). "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine,* 160 F.3d at 340 (citations and internal quotation marks omitted). In *Romine*, the Sixth Circuit held that two proceedings are substantially similar when the parties are substantially similar, although not identical, and the claims against the defendants are "predicated on the same allegations as to the same material facts." *Id.* (citations omitted).

The two suits discussed herein are substantially similar. Defendants cannot seriously dispute that the parties in the first suit are substantially similar to those in the second. Moreover, the claims against Mid State Systems and Konkler in the state court action are almost identical to the claims against Mid State Systems, Konkler and Zazworsky in this case, all of which are based upon the April 19, 2012 automobile accident. This is the very reason Thakur moved to consolidate the two suits.

Because the two suits are substantially similar, the Court can and will turn to the multi-factor balancing test. One issue, though, deserves brief comment.

3

Although not raised by the parties,[2] a line of district court cases assert that proceedings are not considered parallel if there is an issue that would not be resolved by the state court upon the completion of the state court action.  *See Kopacz v. Hopkinsville Surface & Storm Water Util.*, 714 F. Supp. 2d 682, 686 (W.D. Ky. 2010); *Holley Performance Products, Inc. v. Tucows, Inc.*, No. 1:10-CV-180, 2011 WL 1376623, at *2 (W.D. Ky. Apr. 12, 2011); *Brandenburg Tel. Co. v. Sprint Commc'ns Co., L.P.*, No. 3:09-CV-00109, 2010 WL 1416696, at *10 (W.D. Ky. Apr. 1, 2010); *E.ON U.S. Servs. Inc. v. QSC Painting, Inc.*, No. CIV.A. 08-54-JBC, 2008 WL 3982499, at *2 (E.D. Ky. Aug. 26, 2008); *PNC Bank, Nat. Ass'n v. Pers.*, No. CIV A 06-292-C, 2007 WL 1423744, at *4 (W.D. Ky. May 8, 2007).  However, as pointed out by United States District Court for the Eastern District of Michigan, "[t]his assertion . . . has not been adopted by the Sixth Circuit."  *Doe v. Ann Arbor Pub. Sch.*, No. 11-15657, 2012 WL 1110015, at *4 (E.D. Mich. Apr. 3, 2012).

**B.     Multi-factor Balancing Test**

As noted, determining the existence of exceptional circumstances justifying abstention requires consideration of the following eight factors:

(1) Whether the state court has assumed jurisdiction over any res or property

(2) Whether the federal forum is less convenient to the parties

(3) Avoidance of piecemeal litigation

(4) The order in which jurisdiction was obtained

(5) Whether the source of governing law is state or federal

---

[2] Defendants' sole argument concerning parallelism is that it was Thakur's "choice to file a separate and independent action against a diverse non-resident citizen who was not a party to his existing litigation in the Boone Circuit Court."  (Doc. # 17, at 6).  This, however, has no bearing on whether the two suits are parallel.

(6) The adequacy of the state court action to protect the federal plaintiff's rights

(7) The relative progress of the state and federal proceedings

(8) The presence or absence of concurrent jurisdiction

However, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant [a stay]." *Colorado River*, 424 U.S. at 818-819 (citation omitted). In other words,

> [T]he decision whether to [stay] a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983)).

The first and second factors weigh against abstention. Neither court has assumed jurisdiction over any res or property, *Romine,* 160 F.3d at 341 (noting that where no property is at issue, the first factor is inapposite and supports exercising jurisdiction), and the federal forum in Covington is no less convenient to the parties than the Boone Circuit Court in Burlington. *Id.* (concluding that the second factor supports jurisdiction where the courthouses in which the actions are pending are both located in the same city).

The third factor–avoidance of piecemeal litigation–weighs heavily in favor of abstention. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Id.* (citation omitted). The issues to be decided by the state court and this Court are largely identical. In fact, the allegations and attendant claims made by Thakur against Mid State Systems

and Konkler in the two suits are almost exactly the same, with the primary difference being the additional allegations against Zazworsky in the second suit. (Doc. # 1-2, at 13-15, 34-36). This is also true with respect to the relief requested, (*Id.* at 18-19, 46-47, 50-51, 62-63), which brings to mind the Sixth Circuit's closing thought regarding the dangers of piecemeal litigation in *Romine*:

> When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamemanship or that result in conflicting adjudications.

160 F.3d at 341 (quoting *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 694 (7th Cir. 1985)).

Fourth, the order in which jurisdiction was obtained also weighs heavily in favor of abstention. This factor is closely tied with the seventh factor–the relative progress of the state and federal proceedings–because "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21. Here, the first suit was commenced on August 14, 2012, while this second suit was removed approximately nine months (on May 6, 2013). More importantly, the state court record reflects that written discovery has been exchanged and depositions have been noticed (Doc. # 18-3), and Thakur represents that some claims have been settled[3] and depositions have been taken. (Doc. # 18, at 6). Conversely, no real progress has been made in this case.

---

[3] Thakur previously represented that the claims against Hermendra Patel, Rachel M. Greba and Kentucky Farm Bureau Mutual Insurance Company have been settled. (Doc. # 13-1, at 6); (Doc. # 17, at 2 n.1).

Because this case clearly rests on state law, the fifth factor heavily favors abstention. This Court's jurisdiction over Thakur's claims against Mid State Systems, Konkler and Zazworsky is based on diversity jurisdiction under 28 U.S.C. § 1332. There are no federal issues to be decided.

Turning to the remaining two factors (the sixth and the eighth), the state court proceedings would be adequate to protect the rights of Plaintiffs, especially considering that Thakur has requested abstention (Doc. # 18, at 9),[4] and the presence of concurrent jurisdiction, "only marginally, if at all, favors abstention." *Cohen*, 276 F.3d at 208. More factors, then, weigh towards abstention. This case will therefore be stayed until the state court action is complete.

### III. CONCLUSION

Accordingly, for the reasons state herein, **IT IS ORDERED** that all proceedings in this action shall be **STAYED** pending the resolution of the parallel state court proceedings. The parties shall notify the Court when those proceedings are resolved.

This 23rd day of August, 2013.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\Opinions\Covington\2013\13-79 MOO RE Abstention.wpd

---

[4] Thakur argued that the state court proceedings would be adequate to protect the rights of Zazworsky because he is "the party invoking the jurisdiction of the court." (Doc. # 18, at 7). The sixth factor, though, does not turn on which party is invoking jurisdiction, but instead simply concerns the federal plaintiff's rights.